. *P. W. Hardin, for appellee.*

[Cited, *Bailey v. Commonwealth*, 24 Ky. L. 1114, 70 S. W. 838.]

---

## ABRAHAM HUNTER *v.* PORCH & COOK'S ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 4—826.]

**Executions Against a Bankrupt.**

Where an execution had been levied upon the land to satisfy a debt existing prior to the passage of the homestead law, a pro-

ceeding in bankruptcy after such levy will not stay the proceedings under the execution. In such a case the sheriff should make the sale under the levy.

APPEAL FROM LINCOLN CIRCUIT COURT.

March 17, 1883.

OPINION BY JUDGE PRYOR:

It is conceded by the pleadings that before the petition in bankruptcy had been filed by the appellant, the execution in favor of the appellees had been levied upon the land in controversy and that the debts for which the judgments were rendered existed prior to the passage of the state homestead law. The proceedings in bankruptcy did not stay the proceedings under the execution, but it was the duty of the sheriff having made the levy to make the sale under it. This is a common-law action with the law and facts submitted to the court, and in the absence of a bill of exceptions we are not able to state what transpired in the court below. The proceedings in bankruptcy are not in the record as evidence for either party, and the fact of the allotment of the homestead being denied, the burden was on the appellant to make out this case. There is nothing in the record showing that he was entitled to a homestead under the statutes of this state, but on the contrary these debts were created long before the passage of such statute; and if the record of the bankrupt court had been or can be regarded as a part of the present case facts may have been elicited in the trial below that deprived the appellant of this right.

The judgment below is therefore *affirmed.*

*Eugene P. Moore, for appellant.*

*W. O. Bradley, for appellee.*